IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DUKE CANNON,

         Plaintiff,                  No. CIV S-07-0933 MCE GGH P

    vs.

MARTY ASTON, et al.,

         Defendants.           <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Defendant Granlees has filed a motion to modify the January 7, 2009 (docket # 18) <u>Scheduling</u> <u>Order</u>, seeking an extension of the discovery deadline by twelve days, from May 8, 2009, to May 20, 2009. <u>See</u> docket # 19. The basis for the motion is that plaintiff, without explanation, did not appear on April 30, 2009, for his properly noticed deposition, and only later, on May 5, 2009, contacted defendant's counsel, informing her that he no longer wished to pursue this action. <u>See</u> defendant counsel's declaration (Exhibit A to motion), filed on May 8, 2009. Defendant seeks the extension in order to file a motion to compel the deposition, should plaintiff fail to voluntarily dismiss this action.

        The court notes that plaintiff has previously demonstrated a failure to prosecute this action. When the other (and now former) named defendant in this action filed a motion to

1

1 dismiss, plaintiff failed to file any opposition, and the motion was granted on the basis that the
2 failure to oppose constituted a waiver of opposition, as well as on the alternative ground that the
3 motion had merit.  See docket # 15 and # 17.  Defendant, having shown good cause, will be
4 permitted the extension, but should plaintiff fail to stipulate to voluntary dismissal[1] as, according
5 to defendant's counsel, he has indicated that he intends to do, and a motion to compel the
6 deposition becomes necessary, the court will be strongly inclined to impose the terminating
7 sanction of dismissal for plaintiff's demonstrated failure to prosecute this action.  Roadway
8 Express, Inc., v. Piper, 447 U.S. 752, 765, 100 S. Ct. 2455, 2463 (1980), quoting Link v.
9 Wabash Railroad Co., 370 U.S. 626, 629-630, 82 S. Ct. 1386, 1388 (1962)("[t]he authority of a
10 federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute
11 cannot seriously be doubted.").

Accordingly, IT IS ORDERED that:

1. Defendant's May 8, 2009 (docket # 19) motion for a modification of the discovery deadline, set forth in the January 7, 1009 (docket # 18)) Scheduling Order, is granted; and

2. The discovery deadline is extended until May 20, 2009.

DATED: May 13, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
cann0933.mod

---

[1] Defendant's counsel declares that a stipulation of voluntary dismissal was provided to plaintiff by overnight mail on May 6, 2009.  Motion, Ex. A, ¶ 5.